**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Sergio ROSAS–ERIVES, also known as Sergio Evives, Defendant–Appellant.**

**No. 10–50131**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 26, 2010.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Assistant Federal Public Defender, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM: *

Sergio Rosas–Erives (Rosas) appeals the sentence imposed following his guilty plea conviction for illegal reentry following a previous removal. Rosas argues that the district court's written judgment of sentence conflicts with its oral pronouncement of sentence. The Government agrees.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

At the sentencing hearing, the district court imposed a supervised release term of two years. However, the written judgment reflects a three-year term of supervised release. Because the written judgment in this case conflicts with the oral pronouncement of judgment, the oral pronouncement controls. *See United States v. Mireles,* 471 F.3d 551, 557–58 (5th Cir. 2006); *United States v. Martinez,* 250 F.3d 941, 942 (5th Cir.2001). Accordingly, the case is remanded for the district court to amend its written judgment to conform to its oral pronouncement of sentence. *See Mireles,* 471 F.3d at 558; *Martinez,* 250 F.3d at 942.

The Government's unopposed motion for amendment of the judgment to modify the term of supervised release and for summary affirmance in lieu of filing an appellee's brief is granted in part and denied in part. Given its position in this case, the Government need not file an appellee's brief. To the extent that the Government requests that this court modify Rosas's term of supervised release without a remand to the district court to amend the written judgment, the Government's motion is denied. The Government's alternative motion for an extension of time to file an appellee's brief is denied as moot.

REMANDED FOR AMENDMENT OF JUDGMENT AND AFFIRMED IN ALL OTHER RESPECTS; MOTION TO AMEND JUDGMENT WITHOUT REMAND DENIED; MOTION FOR SUMMARY AFFIRMANCE GRANTED EXCEPT AS TO MATTER REMANDED; MOTION FOR EXTENSION OF TIME DENIED AS MOOT.